ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.

FEB 27 2004

LUTHER D.
By: _____ Clerk
Deputy Clerk

| | |
|---|---|
| CHASE MANHATTAN BANK USA, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FREEDOM CARD, INC. and URBAN TELEVISION NETWORK, INC., | ) |
| | ) |
| Defendants/Third Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| J.P. MORGAN CHASE & CO., | ) |
| | ) |
| Third-Party Defendant. | ) |

1 04-CV 0565

CIVIL ACTION NO.
1: 04-MI-47TWT

## NON-PARTIES COMPUCREDIT AND DENNIS JAMES' MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

CompuCredit Corporation ("CompuCredit") and Dennis James, non-party

witnesses in the above-styled action, respectfully move, pursuant to Fed. R. Civ. P.

26, 30 and 45, for an order quashing subpoenas, or, in the alternative, a protective

order limiting any further deposition examination of CompuCredit or Mr. James to

deposition by non-duplicative written questions pursuant to Fed. R. Civ. P. 31 or,



in the alternative, that any further examination in excess of the Fed. R. Civ. P.

30(d)(2) time limit should not occur until Chase has examined Mr. Maloney,

Freedom Card's expert and satisfied itself that additional examination of Mr.

James is, in reality, necessary, be conducted at the office of CompuCredit's

counsel, be confined to the subject of Mr. James' conversations with Michael

Maloney, be conducted in the least burdensome and harassing way possible, and be

completed within one (1) hour or such other amount of time as the Court deems

reasonable and fair under the circumstances, with duplication of the questioning

that occurred on October 8 forbidden.  In support of this motion, movants show the

Court as follows:

1.

On October 8, 2003, pursuant to Chase's subpoena to CompuCredit seeking

testimony under Fed. R. Civ. P. 30(b)(6) and a separate subpoena seeking

testimony from CompuCredit's Custodian of Records, Mr. James was deposed for

more than seven (7) hours.  Mr. James was produced as CompuCredit's Custodian

of Records and CompuCredit's 30(b)(6) representative.  Chase's counsel declined

the request of the non-party witness' counsel that the deposition proceed at the

office of the witness' counsel and, instead, insisted that the deposition proceed at

the office of Chase's local counsel (4 blocks away).  Without providing notice of

videotaping in accordance with Fed. R. Civ. P. 30(b)(2), Chase's counsel showed

up at the deposition with a videographer and attempted to insist that the non-party witness submit to a videotaped deposition without the requisite notice.

2.

On February 9, 2004, Chase sent CompuCredit's counsel a subpoena, purporting to notice Mr. James in his individual capacity and seeking testimony "to authenticate and explain" allegedly missing documents and to "testify about the assistance he has given to [FreedomCard] and its expert in their case." Motion to Compel at 25; a true and correct copy of that subpoena is attached hereto as Exhibit A.

3.

On February 9, 2004, Chase also sent CompuCredit's counsel a subpoena, purporting to notice CompuCredit for additional 30(b)(6) deposition on "[t]he CompuCredit documents or information relied on or used in developing any information given to Defendant's expert, Michael Maloney." A true and correct copy of that subpoena is attached hereto as Exhibit B.

4.

On February 11, 2004, CompuCredit's counsel attempted in good faith to confer with Chase regarding the additional depositions, requesting that Chase forward FreedomCard's expert report (which neither CompuCredit nor its counsel

3

had ever seen) so that CompuCredit and counsel could evaluate the legitimacy of Chase's perceived need for additional deposition testimony from Mr. James. *See* Bramlett letter of February 11, 2004, attached as Exhibit C. Chase responded by moving to compel.

5.

Chase's second subpoena to CompuCredit for 30(b)(6) testimony is invalid because Chase failed to seek leave of court as required by Fed. R. Civ. P. 30(a)(2)(B) when "the person to be examined already has been deposed in the case". *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1ˢᵗ Cir. 2001)(affirming a trial court's order quashing a subpoena as invalid when a second "Rule 30(b)(6) subpoena was issued to [a non-party] without leave of the court . . . ."). Assuming, *arguendo*, that Chase's second 30(b)(6) deposition were valid, it should be quashed because Chase has failed to demonstrate the need for additional deposition testimony from CompuCredit.

6.

To the extent Chase needs to authenticate any documents produced since CompuCredit's 30(b)(6) deposition, CompuCredit will provide an affidavit to that effect if Chase will identify which documents it seeks to have authenticated.

7.

108972

4

Chase has shown no good faith basis for its insistence that Mr. James be made available for further deposition. FreedomCard's expert report, the purported basis for redeposing Mr. James, relies almost exclusively on Mr. James prior deposition testimony elicited by Chase in October and the documents discussed therein. On only two points does this expert report reference conversations the expert (Michael Maloney) had with Mr. James. *See* Motion to Compel at Exhibit U, pp. 18 and 19. However, Mr. James was thoroughly examined by Chase's counsel on both of these points in his previous deposition.

8.

On page 18 of the expert report, Mr. Maloney cites conversations with Dennis James as support for his statement that "[a]t the time Chase introduced its CHASE FREEDOM card product, Freedom Card and CompuCredit were likely days away from executing a series of agreements that would have provided Freedom Card with significant economic benefits." Motion to Compel at Exhibit U, p. 18. Chase examined Mr. James extensively on this issue at deposition. *See* James Deposition Transcript attached to Chase Motion to Compel as Exhibit A, pp. 88:12 – 97:4. Thus, this issue is not new and Chase had a full and fair opportunity to examine Mr. James on it during the previous deposition.

9.

On page 19 of the expert report, Chase points to the Mr. Maloney statement that "Dennis James of CompuCredit advised [him] that [Mr. James] believes that 10,000 new accounts per month would have been easily achieved." Motion to Compel at 7. However, Chase's counsel examined Mr. James at length on this very topic, using documents that had been previously produced by CompuCredit. *See* Motion to Compel at Exhibit A, pp. 21:16-46:09; CCC000492-CCC000513, Exhibit D, (filed under seal). Moreover, Chase incredibly claims that "CompuCredit has not produced any of the paperwork for such projections, let alone the 'historical data' that purports to justify UTN's expert figures." Motion to Compel at 7. Not only did Chase examine Mr. James on the "historical data" used to make the relevant projection, *see* Motion to Compel at Exhibit A, pp. 21:16-46:09 (line of questions regarding documents and charts at CCC000500-CCC000505), but CompuCredit also produced to Chase a highly detailed letter from CompuCredit to FreedomCard, explaining the relevant projections. *See* Exhibit D at CCC495-499, (filed under seal).

10.

Counsel for CompuCredit raised these concerns with counsel for Chase in a telephone conference, seeking in good faith to reach an accomodation. Counsel for Chase asserted the position that it could accept no limits on the duration or scope

of a deposition of Mr. James and could offer no estimate as to how long the deposition might proceed.

11.

Chase's second 30(b)(6) subpoena to CompuCredit is invalid because Chase failed to seek leave of court. Chase has shown no good faith basis for its stated need for additional 30(b)(6) testimony from CompuCredit. Chase has not shown a good faith basis for its insistence that Mr. James be made available for further deposition.

WHEREFORE, movants respectfully request that the court quash Chase's second 30(b)(6) subpoena to CompuCredit and Chase's subpoena to Dennis James in his individual capacity, or, in the alternative, enter a protective order limiting any further deposition examination of CompuCredit or Mr. James to deposition by non-duplicative written questions pursuant to Fed. R. Civ. P. 31 or, in the alternative, that any further examination in excess of the Fed. R. Civ. P. 30(d)(2) time limit should not occur until Chase has examined Mr. Maloney, Freedom Card's expert and satisfied itself that additional examination of Mr. James is, in reality, necessary, be conducted at the office of CompuCredit's counsel, be confined to the subject of Mr. James' conversations with Michael Maloney, be conducted in the least burdensome and harassing way possible, and be completed within one (1) hour or such other amount of time as the Court deems reasonable

108972

7

and fair under the circumstances, with duplication of the questioning that occurred

on October 8 forbiddendirecting that the second 30(b)(6) deposition of

CompuCredit be limited to "authentication and explanation" of the documents

produced to Chase after CompuCredit's first 30(b)(6) deposition and Mr. James'

testimony be limited to his conversations with FreedomCard's expert.  Movants

also request that they be awarded their costs and attorneys fees in seeking court

intervention and any other relief the court deems just and proper.


Respectfully submitted, this 27th day of February, 2004.


Jeffrey O. Bramlett
Georgia Bar No. 075780
Von A. DuBose
Georgia Bar No. 231451

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W.
Suite 3900, One Atlantic Center
Atlanta, GA 30309-3417
(404) 881-4100

Attorneys for Non-Parties CompuCredit and Dennis James

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served the within and foregoing Non-Parties CompuCredit and Dennis James' *Motion to Quash Subpoenas Or, In The Alternative, Motion For Protective Order* addressed as follows:

via *hand delivery,*

> Lawrence K. Nodine
> Needle & Rosenberg
> 999 Peachtree Street
> Suite 1000
> Atlanta, Georgia 30309-3915

and via facsimile and U.S. Mail:

> H. James Montalvo
> Gary, Williams, Parenti, Finney, Lewis,
> McManus, Watson & Sperando
> Waterside Professional Building
> 221 E. Osceola Street
> Stuart, Florida 34994
>
> Ethan Horwitz, Esq.
> Goodwin Procter LLP
> 599 Lexington Avenue
> New York, NY 10022

This 27th day of February, 2004.

_____
Von A. DuBose

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that this brief has been prepared with one of the fonts and point selections ("Times New Roman 14") approved by the Court in Local Rule 5.1(B).

_____
Jeffrey O. Bramlett
Georgia Bar No. 075780
Von A. DuBose
Georgia Bar No. 231451

108972





EXHIBIT / ATTACHMENT

A

(To be scanned in place of tab)

**Issued by the**
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA

CHASE MANHATTAN BANK USA, N.A.,
    *Plaintiff,*

v.

FREEDOM CARD, INC. and URBAN
TELEVISION NETWORK, INC.,
    *Defendants, Counterclaim and Third Party Plaintiffs,*

v.

J.P. MORGAN CHASE & CO. and JPMORGAN CHASE BANK,
    *Third-Party Defendants.*

## SUBPOENA IN A CIVIL CASE

Case number: Civil Action No. 03-217 (KAJ)
United States District Court,
District of Delaware

TO:   **Dennis James**
**CompuCredit Corporation**
**245 Perimeter Center Parkway, Ste. 600**
**Atlanta, GA 30346**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to
testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Needle & Rosenberg, 999 Peachtree Street, Suite 1000, Atlanta, Georgia 30309. | February 27, 2004 at |
| **The deposition will be recorded stenographically and by videotape.** | 1:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of
the following documents or objects at the
place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Chase Manhattan Bank USA, N.A., J.P. Morgan Chase & Co. and JPMorgan Chase Bank | February 9, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kandis M. Koustenis, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

LIBNY/4278808.1

## PROOF OF SERVICE

|  | Date | | Place |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       Date

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

*(d) DUTIES IN RESPONDING TO SUBPOENA.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# EXHIBIT / ATTACHMENT

## B

(To be scanned in place of tab)

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CHASE MANHATTAN BANK USA, N.A.,<br>    *Plaintiff,*<br><br>v.<br><br>FREEDOM CARD, INC. and URBAN<br>TELEVISION NETWORK, INC.,<br>    *Defendants, Counterclaim and Third Party Plaintiffs,*<br><br>v.<br><br>J.P. MORGAN CHASE & CO. and JPMORGAN CHASE BANK,<br>    *Third-Party Defendants.* | <u>SUBPOENA IN A CIVIL CASE</u><br><br>Case number: Civil Action No. 03-217 (KAJ)<br>    United States District Court,<br>    District of Delaware |

TO:    **Representative(s) of CompuCredit Corporation**
        **245 Perimeter Center Parkway, Ste. 600**
        **Atlanta, GA 30346**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION:<br>Needle & Rosenberg, 999 Peachtree Street, Suite 1000, Atlanta, Georgia 30309.<br>**To testify on the subject matters identified in the attached Schedule A.**<br>**The deposition will be recorded stenographically and by videotape.** | DATE AND TIME<br>February 27, 2004 at<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]* Attorney for Chase Manhattan Bank USA, N.A., J.P. Morgan Chase & Co. and JPMorgan Chase Bank | DATE<br><br>February 9, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kandis M. Koustenis, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY  10022
(212) 813-8800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       Date

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LIBNY/4278794.1

# SCHEDULE A


## DEFINITIONS

Chase Manhattan Bank USA, N.A., J.P. Morgan Chase and Co., and/or JPMorgan Chase Bank shall be referred to herein as the "Chase Entities."

Freedom Card, Inc. and Urban Television Network, Inc. shall be referred to herein as "Defendants."

The term "credit card" means any credit, debit, ATM or bank card of any kind.


## DESIGNATED TESTIMONY SUBJECTS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), designate and produce for deposition one of more officers, directors, or managing agents, or other persons who consent to testify on your behalf on the following matters known or reasonably available to you:

1. The CompuCredit documents or information relied on or used in developing any information given to Defendant's expert, Michael Maloney.

1



# EXHIBIT / ATTACHMENT



C

(To be scanned in place of tab)

BONDURANT, MIXSON & ELMORE, LLP
ATTORNEYS AT LAW
3900 ONE ATLANTIC CENTER
1201 WEST PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30309-3417
(404) 881-4100
TELECOPIER (404) 881-4111

bramlett@bmelaw.com
direct dial (404) 881-4192

February 11, 2004

**VIA FACSIMILE AND MAIL**

Ethan Horwitz, Esq.
Goodwin Procter, LLP
559 Lexington Avenue
New York, NY 10022

Re:   *Chase Manhattan Bank USA , N.A. v. Freedom Card, Inc. et al.,* United States District Court for Delaware, Civil Action #03 CV 1254

Dear Ethan:

This will respond to your correspondence of February 9, 2004.

Over the course of the past seven months, CompuCredit, a non-party to the litigation you filed in Delaware, has gone to extraordinary trouble and expense in an effort to accommodate Chase's informational needs. Following on the heels of our initial document production, our supplemental production, and the 7+ hour deposition of Mr. Dennis James, on January 23 CompuCredit produced: (1) a spreadsheet summarizing and backup documents itemizing every payment CompuCredit has made to Freedom Card (CCC000982 – CCC001109); and (2) spreadsheets detailing on a month-by-month basis the volume of Freedom Card business, cash flows, and profitability data (CCC001110 – CCC001116). These spreadsheets are not documents created in the ordinary course of CompuCredit's business. CompuCredit employees were forced to divert attention from CompuCredit's business to search accounting records and databases of detailed information about each cardholder account in order to extract the information you insisted upon.

CompuCredit has already gone above and beyond what the law requires of non-party witnesses in an effort to satisfy your demands. CompuCredit has no ongoing business need to generate the specific reports categorizing information about activated accounts or payments to Freedom Card in the form you now characterize as "missing documents". To retrieve the additional information demanded in your February 9 letter, CompuCredit would have to incur even more expense and divert employee time and

**BONDURANT, MIXSON & ELMORE, LLP**

Ethan Horowitz, Esq.
Page 2
February 11, 2004

attention to the task of customizing reports that have no utility in CompuCredit's business. If your client is prepared to pay CompuCredit the costs it has incurred and will incur to produce the customized reports you have requested, please advise and I will ask CompuCredit to estimate the charges. If you client is not willing to defray the expense it has inflicted on CompuCredit, the production of additional customized reports and your insistence on a further 30(b)(6) deposition relating to such production will require the Court's attention.

I am requesting authority from Mr. James and CompuCredit to accept service of your subpoenas on their behalf and do not anticipate that formal service will be required. Please provide me with a copy of Mr. Maloney's testimony as referenced in your letter so that I can evaluate what response to make to your insistence on further deposition of Mr. James.

Sincerely,

Jeffrey O. Bramlett

JOB/br
cc:    David Maslia, Esq.
       Von A. DuBose, Esq.
108487

**BONDURANT, MIXSON & ELMORE, LLP**

bcc:   William G. Scrantom, Jr., Esq.



# EXHIBIT / ATTACHMENT

D

(To be scanned in place of tab)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHASE MANHATTAN BANK            )
USA, N.A.,                      )
                                )
        Plaintiff,              )
                                )
v.                              )        CIVIL ACTION NO.
                                )        1: 04-MI-47TWT
                                )
FREEDOM CARD, INC. and URBAN    )
TELEVISION NETWORK, INC.,       )
                                )
        Defendants/Third Party Plaintiffs, )
                                )
v.                              )
                                )
J.P. MORGAN CHASE & CO.,        )
                                )
        Third-Party Defendant.  )

# EXHIBIT 'D'

# FILED UNDER SEAL

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEB 2 7 200_

By: _____
Deputy Clerk

| | | |
|---|---|---|
| CHASE MANHATTAN BANK USA, N.A., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1: 04-MI-47TWT |
| FREEDOM CARD, INC. and URBAN TELEVISION NETWORK, INC., | ) ) ) | |
| Defendants/Third Party Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| J.P. MORGAN CHASE & CO., | ) ) ) | |
| Third-Party Defendant. | ) ) | |

## CERTIFICATE OF GOOD FAITH CONFERENCE
## CONCERNING DISCOVERY DISPUTE

Pursuant to Fed. R. Civ. P. 26(c), I certify that I conferred with

Counsel for Chase Manhattan (specifically Leonard Lesser and Jessica Blatt)

on the evening of February 25, 2004 in a good faith (but unsuccessful)

effort to resolve without court action the issues that are the subject of

Nonparties CompuCredit and Dennis James' Motion to Quash Subpoenas



Or, In The Alternative, Motion For Protective Order and Chase's Motion to

Compel Discovery filed February 13, 2004.

This 27th day of February 2004.

Jeffrey O. Bramlett
Georgia Bar No. 075780

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W.
Suite 3900, One Atlantic Center
Atlanta, GA 30309-3417
(404) 881-4100

Attorneys for Nonparties CompuCredit and Dennis James

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served the within

and foregoing Certificate of Good Faith Conference Concerning Discovery

Dispute via hand delivery as follows:

> Lawrence K. Nodine
> Needle & Rosenberg
> 999 Peachtree Street
> Suite 1000
> Atlanta, Georgia 30309-3915

And via facsimile and U.S. Mail as follows:

> H. James Montalvo
> Gary, Williams, Parenti, Finney, Lewis,
> McManus, Watson & Sperando
> Waterside Professional Building
> 221 E. Osceola Street
> Stuart, Florida 34994
>
> Ethan Horwitz, Esq.
> Goodwin Procter LLP
> 599 Lexington Avenue
> New York, NY 10022

This _27th_ day of February, 2004.

_____
Von A. DuBose